**AHMAD KESHAVARZ**
*Attorney at Law*

16 COURT ST., 26TH FLOOR　　WWW.NEWYORKCONSUMERATTORNEY.COM　　Telephone: (718) 522-7900
BROOKLYN, NY 11241-1026　　E-mail: ahmad@NewYorkConsumerAttorney.com　　Fax: (877) 496-7900

April 2, 2025

**VIA ECF**
The Honorable Dora L. Irizarry, District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

　　　　Re:　Plaintiff's notice of supplemental authority.
　　　　　　*Rutledge v. Schwartz Sladkus Reich Greenberg Atlas LLP et al.*, No. 1:24-cv-04188-DLI-CLP

Dear Judge Irizarry:

　　The undersigned represents Danielle Rutledge in this action alleging violations of the Fair Debt Collection Practices Act (FDCPA) and for related state law claims. The Defendants in this action are Schwartz Sladkus Reich Greenberg Atlas LLP, a law firm, and Andrea Trochez, an attorney at that law firm (collectively, "Attorney Defendants"); and a nursing home Sapphire Center for Rehabilitation and Nursing of Central Queens, LLC ("Sapphire").

　　On December 6, 2024 the Attorney Defendants filed a Motion to Stay or Dismiss, Dkt. 28. On March 18, 2025 Plaintiff filed an Opposition, Dkt. No. 39.

　　Yesterday, April 1, 2025, Judge Kovner issued a decision in *Marie Baptiste-Elmine, et al* v. *Richland & Falkowski*, PLLC et al, Defendants., No. 21-CV-4994 (RPK) (PK), 2025 WL 974346, (E.D.N.Y. Apr. 1, 2025). Plaintiff requests the Court to consider this decision as supplemental authority. In *Baptiste-Elmine*, plaintiffs' brought an FDCPA suit against a debt collection law firm for filing foreclosure lawsuits against then where some portion of the debt was time barred, among other claims. The Court denied defendants' motion to dismiss holding "emotional distress, out-of-pocket expenses, and lost time" from defending against partly time-barred collection lawsuits were sufficiently concrete harms "fairly traceable" to the alleged misconduct to provide for Article III standing. *Id.*, 2025 WL 974346, at *5–9. Also, without suggesting the defendants knew or had reason to know the collection suits they were filing were partly time-barred, the Court held, "Given Section 1692e[(2)(a)]'s express prohibition against misrepresenting a debt's legal status, courts have overwhelmingly held that filing or threatening to file lawsuits to collect a time-barred debt, without disclosing that the statute of limitations may affect its enforceability, violates FDCPA Section 1692e" and 1692f. *Id*. 2025 WL 974346, at 10, 11 (citations omitted).

　　Though they do not share our view of the case, the Attorney Defendants consent to the Court's consideration of this letter and the *Baptiste-Elmine* decision in connection with the Motion to Stay or Dismiss. The Attorney Defendants will be submitting a separate letter requesting an additional eight (8) days for reply, to which Plaintiff consents.

1

Respectfully,

/s/
Ahmad Keshavarz, Esq.


Cc: All counsel of record (via ECF)