UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DANIELLE RUTLEDGE,

                           Plaintiff,

   -against-

SCHWARTZ SLADKUS REICH GREENBERG
ATLAS LLP; ANDREA TROCHEZ;
SAPPHIRE REHABILITATION AND
NURSING OF CENTRAL QUEENS, LLC
f/k/a FLUSHING NURSING AND
REHABILITATION CENTER; FMNH, LLC
d/b/a FLUSHING MANOR NURSING HOME
a/k/a SAPPHIRE CENTER FOR
REHABILITATION AND NURSING OF
CENTRAL QUEENS, LLC,

                           Defendants.
-----------------------------------------------------------X

Case No. 1:24-cv-4188 (DLI)(CLP)

# REPLY MEMORANDUM OF LAW
# IN FURTHER SUPPORT OF
# THE ATTORNEY DEFENDANTS' MOTION
# TO STAY THIS ACTION OR DISMISS PLAINTIFF'S CLAIMS

**KAUFMAN DOLOWICH LLP**

*Attorneys for Defendants*
*Schwartz Sladkus Reich Greenberg Atlas LLP and Andrea Trochez*
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
Telephone: (516) 681-1100
Facsimile: (516) 681-1101

On the brief:
   Brett A. Scher, Esq.
   Adam M. Marshall, Esq.

**TABLE OF CONTENTS**

ARGUMENT ...................................................................................................................................1

POINT I
THIS ACTION SHOULD BE STAYED UNTIL
THE ENTRY OF JUDGMENT IN THE STATE COURT COLLECTION ACTION .................1

POINT II
THE COMPLAINT FAILS TO STATE CLAIMS
AGAINST THE ATTORNEY DEFENDANTS UNDER THE FDCPA .....................................3

    A.    The Collection Action is Timely Under State of N.Y. v. Williams .......................3

    B.    The Legislative History of CPLR § 213-d
          Does Not Support Retroactive Application .............................................................4

    C.    The Collection Action Does Not Involve a Medical Debt ....................................5

    D.    The Attorney Defendants Need Not Rely
          Upon a Bona Fide Error Defense ..........................................................................6

    E.    The Collection Action is Still Timely
          Under a Three-Year Limitations Period ................................................................7

    F.    Plaintiff's Allegations Concerning the Amount Due
          Remain Implausible ................................................................................................8

POINT III
THE COMPLAINT FAILS TO STATE A CLAIM
AGAINST THE ATTORNEY DEFENDANTS UNDER NEW YORK LAW ............................8

    A.    The Judiciary Law § 487 Claim Should be Dismissed ..........................................8

    B.    The GBL § 349 Claim Should be Dismissed .........................................................9

    C.    The Gross Negligence Claim Should be Dismissed ...........................................10

CONCLUSION ............................................................................................................................10

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                           **Page**

Aglira v. Julien & Schlesinger, P.C.,
214 A.D.2d 178 (1st Dep't 1995) ........................................................................................... 10

Baptiste-Elmine v. Richland & Falkowski, PLLC,
2025 WL 974346 (E.D.N.Y. Apr. 1, 2025)) ............................................................................ 7

Bill Birds, Inc. v. Stein Law Firm, P.C.,
35 N.Y.3d 173 (N.Y. 2020) ................................................................................................ 8, 9

Brothers v. Florence,
95 N.Y.2d 290 (N.Y. 2000) ..................................................................................................... 4

Cameron v. LR Credit 22, LLC,
998 F. Supp. 293 (S.D.N.Y. 2014) .......................................................................................... 9

Diaz v. Portfolio Recovery Assocs., LLC,
2012 WL 1882976 (E.D.N.Y. May 24, 2012) ........................................................................ 6

Fritz v. Resurgent Capital Servs., LP,
955 F. Supp. 2d 163 (E.D.N.Y. 2013) .................................................................................... 2

Gold v. Shapiro, DiCaro & Barak, LLC,
2019 WL 4752093 (E.D.N.Y. 2019) ....................................................................................... 7

Hasan v. Terrace Acquisitions II, LLC,
224 A.D.3d 475 (1st Dep't 2024) ........................................................................................... 4

Hawkins-El v. First Am. Funding, LLC,
891 F. Supp. 2d 402 (E.D.N.Y. 2012) .................................................................................. 10

Knavel v. West Seneca Cent. School Dist.,
149 A.D.3d 1614 (4th Dep't 2017) ..................................................................................... 3, 4

People v. Berrios,
28 N.Y.2d 361 (N.Y. 1971) ..................................................................................................... 4

Phillips v. Citibank, N.A.,
252 F. Supp. 3d 289 (S.D.N.Y. 2017) ................................................................................. 1, 2

Remler v. Cona Elder Law, PLLC,
2022 WL 4586243 (E.D.N.Y. Sept. 29, 2022) ....................................................................... 9

State of N.Y. v. Crawford,
2022 WL 22915040 (Sup. Ct. Suffolk Co. Sept. 30, 2022) ....................................................... 5, 6

State of N.Y. v. Mason,
78 Misc. 3d 437 (Sup. Ct. Suffolk Co. Jan. 10, 2023) ............................................................. 5, 6

State of N.Y. v. Williams,
224 A.D.3d 1356 (4th Dep't 2024) ................................................................................................ 3

Steinmetz v. Allied Interstate, LLC,
2022 WL 2716338 (E.D.N.Y. Jul. 13, 2022) ............................................................................... 10

Stinson v. Houslanger & Assocs., PLLC,
2021 WL 4443289 (S.D.N.Y. Sept. 28, 2021) ............................................................................... 9

U.S. Bank Natl. Assn. as Trustee v. E. Fordham DE, LLC,
804 Fed. Appx. 106 (2d Cir. 2020) ................................................................................................ 1

Windward Bora, LLC v. Bank of New York Mellon as Trustee,
2020 WL 7042761 (E.D.N.Y. Nov. 30, 2020) ........................................................................... 1, 2

Winslow v. Forster & Garbus,
2017 WL 6375744 (E.D.N.Y. Dec. 13, 2017) ............................................................................... 2

**Statutes**

CPLR § 213-d ................................................................................................................... *passim*

General Business Law § 349 ............................................................................................................ 9

Judiciary Law § 487 ........................................................................................................................ 8

iii

Defendants Schwartz Sladkus Reich Greenberg Atlas LLP (collectively, the "Attorney Defendants"), by their attorneys Kaufman Dolowich LLP, respectfully submit this reply memorandum of law in further support of their motion: (1) to stay this action pending the entry of judgment in the state court Collection Action; or, alternatively (2) to dismiss Plaintiff's Complaint against the Attorney Defendants pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6).[1]

## ARGUMENT

### POINT I

**THIS ACTION SHOULD BE STAYED UNTIL THE ENTRY OF JUDGMENT IN THE STATE COURT COLLECTION ACTION**

Plaintiff argues that the Collection Action is not sufficiently "parallel" to warrant a stay under the *Colorado River* abstention doctrine and that a discretionary stay should also be denied due to the supposed absence of "adequate relief" in the Collection Action. (Opp. at 6-8).[2]

First, Plaintiff's concept of parallelism is too narrow. "'Perfect symmetry of parties and issues is not required' for the federal and state proceedings to be considered parallel." Phillips v. Citibank, N.A., 252 F. Supp. 3d 289, 295 (S.D.N.Y. May 4, 2017) (internal citations omitted). "Two suits are parallel where the parties are 'substantially the same, litigating substantially the same issues in both actions.'" Windward Bora, LLC v. Bank of New York Mellon as Trustee, 2020 WL 7042761, at *3 (E.D.N.Y. Nov. 30, 2020) (citation omitted).

Here, Plaintiff and Sapphire are parties to both actions and "the [federal] action cannot be resolved without also resolving the state-court claims." U.S. Bank Natl. Assn. as Trustee v. E. Fordham DE, LLC, 804 Fed. Appx. 106, 107 (2d Cir. 2020). "This is enough to render the state

---

[1] Capitalized terms used herein have the same meanings as in the Attorney Defendants' initial brief. (Doc. 28-3).

[2] The "Opp." is Plaintiff's Memorandum of Law in Opposition. (Doc. 39).

1

and federal litigations essentially the same and therefore parallel." Id.; Windward Bora, 2020 WL 7042761, at *4. Parties cannot "avoid abstention under *Colorado River* by simply naming additional parties in one action." Phillips, 252 F. Supp. 3d at 298

Second, Plaintiff's assertion that "[she] could not … bring FDCPA, GBL § 349, or negligence claims against the Attorney Defendants in the Collection Action" is incorrect. (See Opp. at 8). The CPLR permits counterclaims to be asserted against, *inter alia*, "a plaintiff **and other persons alleged to be liable**." CPLR § 3019(a) (emphasis added). "The only limitation on this procedure is the requirement that the counterclaim also have a link to … the main plaintiff." Connors, McKinney's Practice Commentaries, CPLR § 3019, C3019:6. All the claims against the Attorney Defendants fit that description. The simple truth is that the parties are before *this Court* because Plaintiff wanted to forum-shop.

The cases cited by Plaintiff are distinguishable in that they concerned claims for improper debt collection practices that were not dependent upon the validity of the underlying debt. See Fritz v. Resurgent Capital Servs., LP, 955 F. Supp. 2d 163, 169 (E.D.N.Y. 2013) (misrepresentations in complaints and pre-suit dunning letters); Winslow v. Forster & Garbus, 2017 WL 6375744 (E.D.N.Y. Dec. 13, 2017) (misrepresentations in complaints); Page v. Forster & Garbus, LLP, 2019 WL 5696108, *9 (E.D.N.Y. Jun. 17, 2019) (filing collection action before giving plaintiff notice of debt's assignment).[3]

By contrast, Plaintiff has failed to articulate any scenario where this Court could find that the Attorney Defendants "violated the FDCPA" by "filing [a] time-barred lawsuit[]," (Opp. at 9), *without first holding that Plaintiff's debt to Sapphire is time-barred pursuant to CPLR §213-d*. See U.S. Bank, 804 Fed. Appx. at 107; Windward Bora, 2020 WL 7042761, at *4 ("Plaintiff's

---

[3] Page is a report and recommendation that was never adopted.

2

quiet title claim thus cannot be decided without passing on the merits of the issues currently before the Appellate Division, rendering the two actions parallel."). Simply put, Plaintiff is attempting to put the cart before the horse – asking this court to adjudicate the issues already in play in the Collection Action.

Third, Plaintiff's objection to a discretionary stay is unpersuasive. (See Opp. at 8). Plaintiff nowhere disputes that the Collection Action is at a more advanced stage and pending in an equally convenient forum. Nor does Plaintiff deny that the two actions overlap and center on a novel issue of New York law that the Civil Court will have to decide in adjudicating the Collection Action. Given that Plaintiff views the dismissal of the Collection Action on statute of limitations grounds as a foregone conclusion (see id. at 19-20), she can hardly complain about adequacy of relief available to her in the Civil Court.

## POINT II

### THE COMPLAINT FAILS TO STATE CLAIMS AGAINST THE ATTORNEY DEFENDANTS UNDER THE FDCPA

**A.    The Collection Action is Timely Under State of N.Y. v. Williams**

Plaintiff opines that State of N.Y. v. Williams, 224 A.D.3d 1356 (4th Dep't 2024) is irrelevant to the timeliness of the Collection Action because "*the defendant in Williams never raised § 213-d as a defense*" and "*admitted* in his answer that the that the statute of limitations on his medical debt was six years." (Opp. at 13) (emphasis in original). In essence, Plaintiff's position is that the Fourth Department was constrained to misstate the law.

First, New York appellate courts do not operate that way. The Appellate Division "is not bound by an erroneous concession of counsel or the parties with respect to a legal principle and such 'concession does not … relieve [the court] from the performance of [its] judicial function and does not require [the court] to adopt the proposal urged upon [it].'" Knavel v. West Seneca Cent.

3

School Dist., 149 A.D.3d 1614, 1616 (4th Dep't 2017) (quoting People v. Berrios, 28 N.Y.2d 361, 366-67 (N.Y. 1971)). "'When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law.'" Id. at 1616 (citation omitted).

Second, the Williams decision contains no language to suggest that the Fourth Department predicated its holding on the defendant's waiver of a "correct," shorter statute of limitations. Notably, rather than "assuming" that a six-year limitations period governed based upon something conceded by the defendant in that action, the Appellate Division declared without equivocation that, "[p]ursuant to CPLR 213, a six-year limitations period applie[d]" to the plaintiff's "cause of action upon quantum meruit." 224 A.D.3d at 1356.

Third, as the foregoing statement confirms, the Williams court *did* express an opinion on whether a six-year statute of limitations governed a cause of action on a medical debt that accrued prior to April 3, 2020. That the Appellate Division's opinion was not what Plaintiff would have wished does nothing to lessen its impact for *stare decisis*.

**B.     The Legislative History of CPLR § 213-d Does Not Support Retroactive Application**

Plaintiff concedes that the New York Legislature did not intend for CPLR § 213-d "to clarify what the law was always meant to say and do," or "to remediate the impact" of recent court decisions, as in Brothers v. Florence, 95 N.Y.2d 290, 299-300 (N.Y. 2000). (Opp. at 11). Nevertheless, Plaintiff argues that the statute should be given retroactive effect because the legislative history of "predecessor bills" manifestly reveals the Legislature's intent to "*protect patients.*" (Id. at 12) (emphasis in original).

First, as noted in the Attorney Defendants' initial brief, remedial intent alone is not enough to overcome the strong presumption of prospectivity. Hasan v. Terrace Acquisitions II, LLC, 224

4

A.D.3d 475, 478 (1st Dep't 2024). Second, even by Plaintiff's count, only *two* of the four factors considered in Brothers support retroactive application. Accordingly, CPLR § 213-d should not apply to the Collection Action.

## C. The Collection Action Does Not Involve a Medical Debt

Plaintiff also contends without evidence that Plaintiff's debt to Sapphire must be a "medical debt" within the meaning of CPLR § 213-d because "any argument that it is not … turns the English language on its head." (Opp. at 16).

First, the committee reports previously invoked by Plaintiff undermine her argument here. In each instance, the legislators authoring the reports emphasized protection for "patients" – not family members or other third parties who undertook indirect payment obligations. (Opp. at 12). This focus on "patients" is consistent with the text of CPLR § 213-d itself, which ties the shortened three-year statute of limitations to the date of "treatment." Only a patient receives "treatment."[4]

Second, contrary to her assertion, Plaintiff's obligations under the Admission Agreement are distinguishable from "a parent agree[ing] to pay a doctor's office to treat her sick child." (Id. at 15). Unlike a parent who agrees to pay for her child's visit to the doctor's office, the Admission Agreement did not make Plaintiff personally liable to Sapphire for all charges as they were incurred by her mother, Edna. Instead, Plaintiff's liability arises from the fact that she had access to Edna*'s* income and assets and failed to use those resources to pay Edna's NAMI to Sapphire. (Compl., Exhibit "E" at §§ 1, 3).

---

[4] Both trial court decisions cited by Plaintiff echo this interpretation. See State of N.Y. v. Mason, 78 Misc. 3d 437, 439 (Sup. Ct. Suffolk Co. Jan. 10, 2023) ("The legislative history indicates that the purpose of the statute was to protect **patients** by shortening the statute of limitations for medical debt.") (emphasis added); State of N.Y. v. Crawford, 2022 WL 22915040, at *2 (Sup. Ct. Suffolk Co. Sept. 30, 2022) ("CPLR 213-d's purpose is '[t]o protect **patients** from medical debt by … shortening the statute of limitations for medical debt") (emphasis added).

**D.      The Attorney Defendants Need Not Rely Upon a Bona Fide Error Defense**

Plaintiff barely acknowledges, let alone distinguishes, the cases holding that attorneys do not violate the FDCPA by filing a collection action that is arguably time-barred under *unsettled* state law. (See Opp. at 19). Plaintiff instead declares that "mere lack of knowledge of the applicable statute of limitations" is not a shield under the FDCPA and opines that the Attorney Defendants' only possible recourse is a bona fide error defense, after discovery. (Id. at 19-20).

First, contrary to Plaintiff's assertion, no one can *know* the correct interpretation of CPLR § 213-d until the New York Court of Appeals weighs in on the issue. (See Opp. at 18-19). That is how our legal system deals with ambiguous statutes. That is what occurred in Brothers and its interpretation of the amended CPLR § 214(6), after New York's lower courts reached divergent conclusions. 95 N.Y.2d at 298. Short of a ruling from the Court of Appeals, all anyone can point to are opinions subject to debate and disagreement at the trial and appellate level.

Second, Plaintiff has not plausibly alleged that the Attorney Defendants *should have known* Plaintiff's debt to Sapphire was time-barred. (See Opp. at 20). Plaintiff has mustered a grand total of two (2) trial court decisions holding that CPLR § 213-d should be applied retroactively – neither of which is binding upon the Civil Court and both of which can be distinguished on the ground that they involved claims against *patients* who failed to pay for medical services provided at state-owned hospitals. Mason, 78 Misc. 3d at 438; Crawford, 2022 WL 22915040, at *1. If the statute of limitations defense were anywhere near as solid as Plaintiff pretends, her counsel would have moved for summary judgment **in the Collection Action** months ago.

The cases relied upon by Plaintiff bear no resemblance to this action. In Diaz v. Portfolio Recovery Assocs., LLC, 2012 WL 1882976, at *1-3 (E.D.N.Y. May 24, 2012), the defendants had repeatedly filed time-barred collection lawsuits based on an erroneous reading of New York's

6

"borrowing statute," CPLR § 202, which had been on the books since 1963.  The district court found that CPLR §202 was straightforward; that "nothing in the statute" supported the defendants' proffered interpretation; and that the defendants' interpretation conflicted with New York Court of Appeals precedent going back at least ten years.  Id. at *3.  The defendants in Cameron v. LR Credit 22, LLC, 998 F. Supp. 293, 300 (S.D.N.Y. 2014) and Stinson v. Houslanger & Assocs., PLLC, 2021 WL 4443289, at *3-4 (S.D.N.Y. Sept. 28, 2021) made essentially the same argument, years later, with the same outcome.  And the defendant in Gold v. Shapiro, DiCaro & Barak, LLC, 2019 WL 4752093, at *1 (E.D.N.Y. 2019) attempted to collect on a mortgage loan nearly a decade after the plaintiff defaulted, and long after the applicable six-year statute of limitation expired, where there had been no recent change in the governing law.

Judge Kovner's recent decision in Baptiste-Elmine v. Richland & Falkowski, PLLC, 2025 WL 974346 (E.D.N.Y. Apr. 1, 2025) is also inapposite.  As in Gold, the plaintiffs in Baptiste-Elmine alleged that the defendants routinely filed foreclosure actions that were at least partly time-barred under routine applications of New York's six-year statute of limitations governing such claims.  Id. at *1, 10-11.

By comparison, this action concerns a new statute that is silent as to retroactivity; contains an undefined term of critical importance (medical debt); and lacks interpretive guidance from the New York Court of Appeals.  There is no need for the Attorney Defendants to invoke a bona fide error defense regarding the timeliness of the Collection Action because under these circumstances there was no FDCPA violation to begin with.

### E.     The Collection Action is Still Timely Under a Three-Year Limitations Period

Plaintiff acknowledges that the continuing wrong doctrine may apply to Sapphire's claims in the Collection Action, but argues that it "just doesn't help Defendants" given when Plaintiff

7

breached the Admission Agreement. (Opp. at 17-18). Plaintiff is mistaken. Because Sapphire alleged in the Collection Action that the NAMI shortfall was never remedied by Plaintiff and continued into at least November 2019 (Compl., Exhibit "K" at p. 6), Sapphire's damages extended into the three-year period preceding the lawsuit. In any case, because of her mother's ongoing "treatment" at Sapphire's facility, the Collection Action was certainly brought within three years of treatment pursuant to CPLR § 213-d.

**F.  Plaintiff's Allegations Concerning the Amount Due Remain Implausible**

Plaintiff maintains that her Complaint pleads a viable FDCPA claim under the theory that the debt sought in the Collection Action "was paid off" prior to commencement, so much so that there was a credit on her mother's account. (Opp. at 20-21). Again, these allegations are implausible because Plaintiff admits that she did not pay Sapphire the requisite NAMI – resulting in a shortfall – and Plaintiff articulates no other source from which sufficient payments could have been made to catch up, let alone yield a surplus.

**POINT III**

**THE COMPLAINT FAILS TO STATE CLAIMS AGAINST THE ATTORNEY DEFENDANTS UNDER NEW YORK LAW**

Plaintiff's opposition also fails to rebut the Attorney Defendants' grounds for dismissal of her state law claims under Judiciary Law § 487 and GBL § 349, as well as gross negligence.

**A.  The Judiciary Law § 487 Claim Should be Dismissed**

None of Plaintiff's arguments concerning her Section 487 claim pass the straight face test. Plaintiff first opines that an attorney's "filing of a pleading or brief containing nonmeritorious legal arguments" *can* support liability under the statute,[5] so long as a *litigation adversary* asserts the claim, despite the New York Court of Appeals' express pronouncement to the contrary. (Opp. at

---

[5] Bill Birds, Inc. v. Stein Law Firm, P.C., 35 N.Y.3d 173, 180 n.3 (N.Y. 2020).

8

22). The Court of Appeals drew no such distinction in Bill Birds. Even assuming that intentional misrepresentations of *fact* in a pleading are actionable, Bill Birds makes clear that legal arguments in litigation filings (like the appropriate statute of limitations) are beyond the purview of a Judiciary Law § 487 claim. This is dispositive.

Plaintiff next asserts that the Attorney Defendants' "inten[t] to deceive her and the state court" regarding the timeliness of the Collection Action can be inferred from the supposed filing of other "time-barred" lawsuits. (Opp. at 24). But, as already discussed, Plaintiff cannot even point to controlling authority demonstrating that the *Collection Action* is time-barred. Trial court decisions from other counties are not binding and opposing counsel's opinions on New York law are irrelevant. It doesn't take a "fact-sensitive inquiry" to arrive at that conclusion.

The cases cited by Plaintiff do not support her position. (See Opp. at 23). Again, Diaz, 1882976, at *1-3 and Stinson, 2021 WL 4443289, at *3-4 both involved an unambiguous statute that had been interpreted by the Court of Appeals. Plaintiff also does not dispute her failure to plead actual damages for her Section 487 claim.

B.     **The GBL § 349 Claim Should be Dismissed**

Plaintiff argues that her Complaint sufficiently alleges consumer-oriented conduct based the Attorney Defendants' so-called "pattern-and-practice" of filing time-barred lawsuits. (Opp. at 25). This theory fails for the reasons discussed above. Stripped of that allegation, "[t]he challenged conduct here consists of filing a single complaint that suffered from various alleged deficiencies" and "[such] conduct—the prosecution of an individual lawsuit—was not commercial activity directed at consumers generally, nor did it have any 'ramifications for the public at large.'" Remler v. Cona Elder Law, PLLC, 2022 WL 4586243, at *7 (E.D.N.Y. Sept. 29, 2022). Likewise,

9

the Attorney Defendants' filing of the Collection Action cannot be deemed materially deceptive or misleading given the uncertain state of law.

### C. The Gross Negligence Claim Should be Dismissed

Plaintiff contends that her gross negligence claim should survive because "'[c]reditors and debt collectors owe debtors 'a duty of reasonable care' in the collection of debts,'" which was breached by filing the supposedly time-barred Collection Action. (Opp. at 25) (quoting Hawkins-El v. First Am. Funding, LLC, 891 F. Supp. 2d 402, 419 (E.D.N.Y. 2012)).

First, whatever theoretical duty a non-attorney debt collector may owe outside of litigation, New York law holds that "[a]n attorney does not owe a duty to his adversary or one with whom he is not in privity." Aglira v. Julien & Schlesinger, P.C., 214 A.D.2d 178, 183 (1st Dep't 1995). Second, for all the reasons previously discussed, the filing of the Collection Action cannot be deemed negligent much less reckless enough to support a finding of gross negligence. Remler, 2022 WL 4586243, at *8.

### CONCLUSION

For all the foregoing reasons, the Attorney Defendants respectfully request that this Court grant their motion and issue an order staying this action or alternatively dismissing Plaintiff's claims against the Attorney Defendants pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6).

Dated: Woodbury, New York
April 15, 2025

**KAUFMAN DOLOWICH LLP**

By: /s/ Adam M. Marshall
Brett A. Scher, Esq.
Adam M. Marshall, Esq.
*Attorneys for Defendants Schwartz Sladkus Reich Greenberg Atlas LLP and Andrea Trochez*
135 Crossway Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100