# AHMAD KESHAVARZ
*Attorney at Law*

---

16 COURT ST., 26TH FLOOR  
BROOKLYN, NY 11241-1026

WWW.NEWYORKCONSUMERATTORNEY.COM  
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900  
Fax: (877) 496-7809

December 30, 2025

**VIA ECF**
The Honorable Dora L. Irizarry, District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:  Plaintiff's supplemental authority in support of her Opposition [Dkt. No. 39] to Attorney Defendants' Motion to Dismiss [Dkt. No. 28].
>
> *Rutledge v. Schwartz Sladkus Reich Greenberg Atlas LLP et al.,* Case 1:24-cv-04188-DLI-CLP

Dear Judge Irizarry:

The undersigned represents Plaintiff Danielle Rutledge in the above-entitled action.

On December 6, 2024, the Attorney Defendants filed their Motion to Dismiss [DE 28]. Plaintiff filed her Opposition on March 18, 2025 [DE 39], and Attorney Defendants filed a Reply on April 15, 2025 [DE 43].

Plaintiff files this letter to bring to the Court's attention an important decision relevant to the pending Motion to Dismiss issued after the close of briefing.

On December 3, 2025, the New York State Appellate Division, Second Department, issued the attached opinion regarding a landlord and its attorneys filing an action for rental arrears against a tenant seeking to collect rent not owed in whole or in part. The Second Department held that this conduct stated claims against the attorney defendants for violations of Judiciary Law § 487 against both the attorney defendants and the landlord defendants for gross negligence and violations of General Business Law § 349. Calixto v A. Balsamo & Rosenblatt, P.C., No. 2022-03787, 506969/21, 2025 N.Y. Slip Op. 06686, --- N.Y.S.3d ---, 2025 WL 3466767 (N.Y.A.D. 2 Dept., Dec. 03, 2025).

In *Calixto*, "the complaint alleged the attorney defendants continued to litigate against the plaintiff despite having knowledge that the building defendants had misrepresented the amount owed and had misrepresented that the building was properly registered under rent-stabilization laws. The complaint further alleged that the attorney defendants were engaged in similar lawsuits against additional tenants." *Id.* 2025 WL 3466767, at *2.

These allegations were sufficient to state a claim for violations of Judiciary Law § 487. *Id.* Here, Plaintiff Danielle Rutledge has alleged that the Attorney Defendants in this action sued her for a time-barred debt; continued to litigate against her even after receiving notice from her and later by her counsel that the debt was time-barred [DE 1, ¶ 91-97, 114-118]; had sued others for time-barred medical debts. [*Id.*, ¶¶ 120-127]; and had greatly inflated the amount of the debt.

[*Id.*, ¶¶ 103-113].

Crucially, *Calixto* reached this conclusion by citing to *Bill Birds v. Stein Law Firm, P.C.*, 35 NY3d 173, 179 (2020). This belies the argument of Attorney Defendants [DE 28, p. 22] that *Bill Birds* changed the existing caselaw such that misrepresentations in collection lawsuits can no longer form the basis of a Judiciary Law § 487 claim, and supports the argument of Rutledge [DE 39 pp. 21, 22] that the decision did not change the existing caselaw allowing such claims.

*Calixto* also held that the allegations stated a claim for gross negligence. "Here, the complaint alleged that if the defendants had exercised even the slightest amount of due diligence, they would have realized that the amount they were seeking from the plaintiff was incorrect, that the allegation that the building was in compliance with rent-stabilization laws was false, and that the judgment amount that they demanded was not authorized by law. As such, the complaint sufficiently alleged the material elements of a gross negligence cause of action." *Calixto*, 2025 WL 3466767, at *2. Here, the facts Rutledge alleged that support the Judiciary Law § 487 claim, would also support a gross negligence claim. In addition, Rutledge also alleged that had Attorney Defendant Trochez had exercised the even the slightest amount of due diligence she would realize the debt was time-barred and the amount of the debt was inflated. [DE 1 ¶ 77-85, 92-100, 118; DE 39 p. 20, 21, 25].

Lastly, *Calixto* also held the plaintiff stated a claim under GBL § 349 given the allegation that the defendants "engaged in deceptive conduct by attempting to evict tenants by suing them for significantly more than the amount owed and misrepresenting the amount owed to the court." *Calixto*, 2025 WL 3466767, at *2. Here, Rutledge points to multiple other lawsuits for medical debts that Attorney Defendants filed that were time-barred on their face. [DE 1, ¶¶ 120-127].

In addition, two days after Plaintiff served her Opposition [DE 39] in the case at bar, a court issued *Crespo v. Gutman, Mintz, Baker & Sonnenfeldt, LLP*, 2025 WL 871637 (S.D.N.Y. March 20, 2025). *Crespo* held, at summary judgment, that an allegation of an intentional misrepresentation of a consumer's statutory rights by a collection law firm states a claim for gross negligence and punitive damages, to be resolved by a jury at trial, under New York's standard for gross negligence. *Crespo* at *9. Here, Defendants intentionally misrepresented the statute of limitations applicable to the debt they sought to collect against Ms. Rutledge—thus misrepresenting her statutory rights to be free from collection efforts on sufficiently old debts.

The *Calixto* and *Crespo* decisions are attached.

Sincerely,
/s/
Ahmad Keshavarz

Enclosures (as stated)

cc: All Counsel via ECF