# AHMAD KESHAVARZ

*Attorney at Law*

---

16 COURT ST., 26TH FLOOR
BROOKLYN, NY 11241-1026

WWW.NEWYORKCONSUMERATTORNEY.COM
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900
Fax: (877) 496-7809

February 2, 2026

**VIA ECF**
The Honorable Dora L. Irizarry, District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

>   Re:   Plaintiff's Reply in Support of her Notice of Supplemental Authority [Dkt. No. 49] in Opposition to Attorney Defendants' Motion to Dismiss [Dkt. No. 28-3].
>   *Rutledge v. Schwartz Sladkus Reich Greenberg Atlas LLP et al.,* Case 1:24-cv-04188-DLI-CLP

Dear Judge Irizarry:

The undersigned represents Plaintiff Danielle Rutledge in the above-entitled action. On December 6, 2024, the Attorney Defendants filed their Motion to Dismiss [Dkt. No. 28-3]. Plaintiff filed her Opposition on March 18, 2025 [Dkt. No. 39], and Attorney Defendants filed a Reply on April 15, 2025 [Dkt. No. 43]. On December 30, 2025 Plaintiff filed a Notice of Supplemental Authority [Dkt. No. 44]. On January 9, 2026 the Court issued an ECF Order that Plaintiff's Notice [Dkt. No. 44] was actually an impermissible Sur-Reply. Consequently, the Court authorized additional briefing. On January 19, 2026 the Attorney Defendants filed a Response [Dkt. No. 45], to which Plaintiff files this Reply.

As to the Judiciary Law claim, *Calixto* held, "the complaint alleged the attorney defendants [Balsamo] continued to litigate against the plaintiff despite having knowledge that the building defendants had misrepresented the amount owed and had misrepresented that the building was properly registered under rent-stabilization laws. The complaint further alleged that the attorney defendants were engaged in similar lawsuits against additional tenants." *Calixto v. A. Balsamo & Rosenblatt, P.C.*, 244 A.D.3d 674 (N.Y. App. Div. 2025). These allegations were sufficient to state a claim for violations of Judiciary Law § 487. *Id.* Here, Ms. Rutledge has alleged that the Attorney Defendants sued her for a time-barred debt; continued to litigate against her even after receiving notice from her and later by her counsel that the debt was time-barred [DE 1, ¶ 91-97, 114-118]; had sued others for time-barred medical debts. [*Id.*, ¶¶ 120-127]; and had greatly inflated the amount of the debt. [*Id.*, ¶¶ 103-113]. Like attorney defendants in *Calixto*, Attorney Defendants in misrepresent facts: they greatly inflated the amount alleged to be owed, time barred or not.

Attorney Defendants argue that Balsamo's representation in the complaint that the building was registered when it was not (although Balsamo is not alleged to have known that fact when they brought suit) was a misrepresentation of fact that the effect that misrepresentation was "settled law." The case cited does not support the proposition. *Shamir v. Perry*, 4 Misc. 3d 1022(A), 798 N.Y.S.2d 348 (Sup. Ct. 2004) dealt with a statutory bar with the collection of rent when the property was used in a manner contrary with its certificate of occupancy. The issue is more complicated than the Attorney Defendants suggest. *See, e.g.* NYC Adm. Code § 26-517(e) (failure to file rent registration statement limits the amount of rent that can be collected).

As to gross negligence, *Calixto* held the following stated a claim: "Here, the complaint alleged that if the defendants had exercised even the slightest amount of due diligence, they would have realized that the amount they were seeking from the plaintiff was incorrect, that the allegation that the building was in compliance with rent-stabilization laws was false, and that the judgment amount that they demanded was not authorized by law. As such, the complaint sufficiently alleged the material elements of a gross negligence cause of action." *Calixto*, 2025 WL 3466767, at *2. Here, Rutledge also alleged that had Attorney Defendant Trochez had exercised the even the slightest amount of due diligence she would realize the debt was time-barred and the amount of the debt was inflated. [DE 1 ¶ 77-85, 92-100, 118; DE 39 p. 20, 21, 25].

In response to the statute of limitations issue, Attorney Defendants simply regurgitate [Dkt. No. 45, p. 2], their "empty-head, pure-heart" defense. *See generally In re Pennie & Edmonds LLP*, 323 F.3d 86, 99 (2d Cir. 2003). Attorney Defendants argue that it "is unknowable in the absence of controlling authority" how to determine the effect of the legislature shortening statute of limitations in CPLR 213-d. [Dkt. 45, p. 2] But there is controlling authority how to determine the effect of the legislative shortening of the statute of limitations: *Brothers v. Florence*, 95 N.Y.2d 290, 739 N.E.2d 733 (2000). [Dkt. 39, pp. 9-13]. Notably, Attorney Defendants do not address the *merits* of the only two court decisions to consider and rule on the merits of the issue. And for good reason: cases are straightforward applications of *Brothers* and established cannons of statutory interpretation. [Dkt. No. 39, pp. 13-15].[1]

Ironically, Attorney Defendants themselves noted [Dkt. No. 43, pp. 6, 7] how the "empty-head, pure-heart" defense of the defendants was brutally rejected in *Diaz*.[2] In *Diaz*, defendants argued their good faith understanding – indeed a "universally-accepted understanding" by the debt collection industry at the time -- was that New York's six year breach of contract statute of limitations applied when the creditor was from a state with a shorter limitations period.[3] That was immaterial to the Court, who allowed claims under the FDCPA, GBL 349, and Judiciary Law 487 to proceed because the Court believed the decision in *Portfolio Recovery Assocs., LLC v. King*, 14 N.Y.3d 410, 415, N.E.2d 1059 (2010) applying the shorter three year statute of limitations of the home state creditor was not new law, the industry understanding notwithstanding. *Id*. *Diaz*, 2012 WL 661456, at *4–15.

It is not surprising that there would not be very many decisions as to the retroactivity of the CPLR § 213-d three-year statute of limitations as opposed to the six-year general statute of limitations. As CPLR § 213-d applies immediately to already existing debts, there would only be a three-year window of collection lawsuits that could possibly have the issue raised. And, of course, other law firms may not have the same inclination to file time-barred lawsuits as do Attorney Defendants. [Dkt. No. 1 pp. 18, 19 (of the 18 lawsuits that would be time-barred in whole or in part under a 3-year statute of limitations, 2 of them are time barred even under a 6-year limitations period).

---

[1] In drafting this letter, it has come to light that Dkt. No. 39, p. 13 (last sentence) has and omission of the critical word "not." The sentence reads "the Williams court did consider" when it should say the opposite: "the Williams court did **not** consider." I apologize for the error.
[2] *Diaz v. Portfolio Recovery Assocs., LLC*, No. 10 CV 3920 ERK, 2012 WL 661456, at *6 (E.D.N.Y. Feb. 28, 2012), *R&R adopted,*, No. 10 CV 3920 MKB CLP, 2012 WL 1882976 (E.D.N.Y. May 24, 2012).
[3] "Defendant argues that because the universally-accepted understanding [by the debt collection industry] of the law in New York at the time of the State Action applied the six-year statute of limitations," the Court should not retroactively apply a three-year statute of limitations. *Id*.

2

As to the Judiciary Law claim, *Calixto* came to its ruling by citing to *Bill Birds v. Stein Law Firm, P.C.*, 35 NY3d 173, 179 (2020). This belies the argument of Attorney Defendants [Dkt. No. 28, p. 22] that, as noted *by Remler v. Cona Elder L., PLLC*, No. 21CV5176ARRLB, 2022 WL 4586243, at *6–7 (E.D.N.Y. Sept. 29, 2022), *Bill Birds* changed the existing caselaw such that misrepresentations in collection lawsuits can no longer form the basis of a Judiciary Law § 487 claim. Instead *Calixto* supports the argument of Rutledge [Dkt. No. 39 pp. 21, 22] that the decision did not change the existing caselaw allowing such claims.

Attorney Defendants contend that *Bill Birds* dooms the Judiciary Law claim because, from their view, all they "have done in the underlying collection action is advance a reasonable interpretation of an unsettled statute." [Dkt. No. 45 p. 3] *Bill Birds* has nothing to do with the issue of the intent of the Attorney Defendants.

*Bill Birds* simply re-affirms existing precedent that Judiciary Law claims brought by clients against their own attorneys based on misrepresentations that induce the client to file a lawsuit the attorney knows has no basis, including if the reason of filing was for the attorney to generate fees, do not fall within the ambit of Judiciary Law § 487. This is because the misrepresentations *precede* the lawsuit – that is to *induce* the filing of the lawsuit – and is thus not done in in the context of "an action pending in the court" as required by the statute. *Bill Byrds* at 178-180. *Peck* cites to the same section of *Bill Byrds* in dismissing a claim by a client for misrepresentations by an attorney to induce the filing of the meritless lawsuit. The focus by Attorney Defendants [Dkt. No. 45, p. 2] on the *dicta* in *Peck* at 610-11 to the subjective belief of the attorney is not the salient basis of the dismissal by the citation to *Bill Birds* at 180. Indeed, *Bill Birds* does not even *mention* the subjective belief of the attorney, but rather that the alleged misrepresentation was to the client to induce the filing of the lawsuit, and thus did not related to "an action pending in court" as required by Judiciary Law § 487. Thus, *Peck* is of no import.

Ms. Rutledge repeatedly provided to Attorney Defendants during the collection case, both when *pro se* and after retaining counsel, notice the collection lawsuit is both time barred and certainly for a grossly inflated amount (and indeed that Ms. Rutledge may be entitled to a credit). [Dkt. No. 1, pp. 14-18; Dkt. No. 1-18 (June 3, 2024 notice letter with supporting invoices), especially p. 3 of 22 (calculating surplus)]. In response, Attorney Defendants have tripled down and continue to press the collection lawsuit even today. Attorney Defendants do not dispute that the amount is grossly overstated. Rather, Attorney Defendants argue that, if the amount of the debt were greatly inflated, the misrepresentation was immaterial because Ms. Rutledge did not pay anything towards the debt. [Dkt. 28-3 p. 19-21] *But see Remler v. Cona Elder L., PLLC*, No. 21CV5176ARRLB, 2022 WL 4586243, at *5 (E.D.N.Y. Sept. 29, 2022) (suing for inflated amount violated FDCPA). Rather than moving to correct the amount of the debt sought in the collection lawsuit, they apparently believe they can maintain the suit for an admittedly inflated amount with impunity.

Attorney Defendants brush aside the importance of notice. [Response, Dkt. 45, p. 3] ("It makes no difference whether Plaintiff's counsel put the Attorney Defendants on "notice" of his opposing view, (Pl. Ltr. at 1), since Plaintiff's counsel does not dictate the law."). But it was the fact that the Balsamo Defendants continued the non-payment proceeding against after being put on notice by Ms. Calixto that formed the basis of their Judiciary Law 487 liability. *See also Iacovo v. Magguilli*, No. 24-CV-04372 (NCM) (ARL), 2025 WL 1135471, at *9–10 (E.D.N.Y. Apr. 17, 2025) (continuing collection lawsuit after counsel for consumer puts debt collection law firm on notice that, under the terms of contract, consumer is not liable for the medical debt of her mother states a FDCPA claim) (decision rendered a month after Plaintiff filed her Opposition

3

[Dkt. No. 39]).

Sincerely,

/s/
Ahmad Keshavarz

cc: All Counsel via ECF