Case 1:24-cv-04188-DLI-PCG    Document 49-1    Filed 05/25/26    Page 1 of 7 PageID #: 819

WANDA BAEZ, SIIDE GIL-FREDERICK, DANIELLE..., Not Reported in Fed....

2026 WL 1412962
Only the Westlaw citation is currently available.
United States Court of Appeals, Second Circuit.

WANDA BAEZ, SIIDE GIL-FREDERICK,
DANIELLE JOHNSON, RESIDENTS
TO PRESERVE PUBLIC HOUSING,
individually and on behalf of all
similarly situated, Plaintiffs-Appellants,

v.

NEW YORK STATE OFFICE OF
TEMPORARY AND DISABILITY
ASSISTANCE, NEW YORK CITY HOUSING
AUTHORITY, BARBARA C. GUINN, in her
individual capacity, Defendants-Appellees.

25-1092-cv
|
May 20, 2026

Appeal from an order of the United States District Court for the Southern District of New York (Edgardo Ramos, *Judge*).

**Attorneys and Law Firms**

FOR PLAINTIFFS-APPELLANTS: Charlotte Saltzman[*] (Norrinda Brown, on the brief), Lincoln Square Legal Services, New York, New York.

FOR DEFENDANTS-APPELLEES NEW YORK STATE OFFICE OF TEMPORARY AND DISABILITY ASSISTANCE AND BARBARA C. GUINN: Danny Yao Li (Barbara D. Underwood and Judith N. Vale, on the brief), for Letitia James, Attorney General of the State of New York, New York, New York.

FOR DEFENDANT-APPELLEE NEW YORK CITY HOUSING AUTHORITY: Seth E. Kramer, for David Rohde, Executive Vice President for Legal Affairs and General Counsel, New York City Housing Authority, New York, New York.

PRESENT: GERARD E. LYNCH, JOSEPH F. BIANCO, MARIA ARAÚJO KAHN, Circuit Judges.

**Opinion**

**\*1 UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court, entered on March 28, 2025, is **AFFIRMED IN PART and VACATED IN PART**, and the matter is **REMANDED** for further proceedings consistent with this order.

Plaintiffs-Appellants Wanda Baez, Siide Gil-Frederick, Danielle Johnson, and Residents to Preserve Public Housing ("RPPH") appeal from the district court's order dismissing their amended complaint for a lack of standing, pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiffs sued Defendants-Appellees the New York State Office of Temporary and Disability Assistance ("OTDA"), OTDA Commissioner Barbara C. Guinn in her individual capacity (together, "State Defendants"), and the New York City Housing Authority ("NYCHA"), alleging violations of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*; Title VI of the Civil Rights Act of 1962, 42 U.S.C. § 2000d *et seq.*; and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296. Plaintiffs also asserted a claim against Guinn under 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.[1]

**BACKGROUND**

Plaintiffs—an advocacy organization and three current or former residents of subsidized housing operated by NYCHA—allege discrimination in the distribution of federal rental assistance funds and the miscalculation of rent under federal regulations.

In particular, in response to the COVID-19 pandemic, Congress created an emergency rental assistance program that provided states with federal funds to help renters experiencing hardship. Each state had flexibility in designing and structuring its own emergency rental assistance program. In April 2021, the New York Legislature enacted the COVID-19 Emergency Rental Assistance Program of 2021 ("CERAP"), which authorized OTDA to administer rental assistance payments. The law set forth the eligibility requirements to receive rental assistance and provided that individuals and households that receive federal or state housing assistance "shall only be eligible to the extent that funds are remaining

after serving all other eligible populations." Joint App'x at 81. NYCHA partnered with OTDA "to collaborate on a process to facilitate NYCHA residents' applications," whereby NYCHA collected and submitted its residents' individual CERAP applications to OTDA. *Id.* at 233–34. As a federally funded public housing authority, NYCHA must calculate annually how much rent a NYCHA resident owes based on an examination of the resident's household income. If a NYCHA resident or household experiences a change to their household income, composition, or disability status, they may notify NYCHA of their changed circumstance, triggering an interim recertification process wherein NYCHA must recalculate and adjust the rent. *See* 24 C.F.R. § 960.257. Black and Hispanic tenants account for approximately 89 percent of NYCHA public housing residents.

**\*2** In the amended complaint, Plaintiffs alleged that OTDA and Guinn's implementation of CERAP, insofar as it deprioritized tenants who received federal or state housing assistance, constituted discrimination on the basis of race or national origin in violation of federal and state law. The amended complaint also alleged that NYCHA failed to timely recertify tenants' income and reduce their rent, and that this delay also constituted discrimination on the basis of race or national origin.

The district court granted Defendants' motions to dismiss all of the federal and state claims. *See generally Baez v. N.Y. State Off. of Temp. & Disability Assistance*, No. 24-CV-3282, 2025 WL 950680 (S.D.N.Y. Mar. 28, 2025). With respect to the claims against the State Defendants, the district court concluded that: (1) Plaintiffs lack Article III standing to assert a claim against OTDA because the amended complaint did not allege any injury traceable to the State Defendants' actions, as the real source of Plaintiffs' harm was NYCHA's alleged failure to timely recertify their incomes; (2) Guinn is entitled to qualified immunity; and (3) the NYSHRL and FHA claims against OTDA are barred by sovereign immunity. *Id.* at \*4–6. As to the claims against NYCHA, the district court determined that: (1) the individual Plaintiffs lack Article III standing because it is speculative that a favorable court decision would redress their asserted injuries; (2) RPPH lacks standing because it does not adequately allege an injury; and (3) the FHA claims are time-barred under the applicable statute of limitations. *Id.* at \*6–9.

## DISCUSSION

We review *de novo* "a district court's decision to dismiss a complaint for lack of standing," *Clementine Co., LLC v. Adams*, 74 F.4th 77, 83 (2d Cir. 2023), as well as its rulings as to qualified immunity, *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005), and sovereign immunity, *Petersen Energía Inversora S.A.U. v. Argentine Republic & YPF S.A.*, 895 F.3d 194, 203 (2d Cir. 2018). We begin with Plaintiffs' arguments as to standing.

## I. Standing

In this case, Plaintiffs sued Defendants for declaratory and equitable relief, as well as damages. Because "[s]tanding is not dispensed in gross" and Plaintiffs must instead "demonstrate standing for each claim that they press and for each form of relief that they seek," we separately consider the various iterations of Plaintiffs' requested relief. *See Soule v. Conn. Ass'n of Schs., Inc.*, 90 F.4th 34, 45 (2d Cir. 2023) (en banc) (alteration in original) (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021)). We consider first the equitable relief Plaintiffs seek before turning to damages.

### a. Equitable Relief

In the amended complaint, Plaintiffs sought (1) a declaration that Defendants' actions and policies violated the FHA, Title VI, the NYSHRL, and 42 U.S.C. § 1983; (2) an injunction requiring Defendants to remedy the harm caused by their allegedly discriminatory acts and to ensure that future housing programs abide by antidiscrimination laws; (3) an injunction prohibiting Defendants from evicting the individual Plaintiffs or collecting rental arrears from the individual Plaintiffs affected by Defendants' actions; and (4) an injunction requiring NYCHA to retroactively recalculate rental arrears for Plaintiffs. On appeal, however, the only equitable relief that Plaintiffs seek is an injunction barring the State Defendants from discriminating against NYCHA residents in the administration of future housing programs. Accordingly, Plaintiffs have abandoned all other claims for equitable relief. *See Chevron Corp. v. Donziger*, 990 F.3d 191, 203 (2d Cir. 2021) ("Arguments not raised on appeal are deemed abandoned and need not be reviewed by this Court.").

**\*3** Plaintiffs' lone remaining claim for equitable relief is speculative. Plaintiffs do not dispute that the CERAP program itself has terminated. Because we "cannot enjoin what no longer exists," *Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 393 (2d Cir. 2022), we cannot enjoin CERAP. And Plaintiffs cannot circumvent the issue by speculating that Congress or the State Defendants will likely implement programs like

Case 1:24-cv-04188-DLI-PCG    Document 49-1    Filed 05/25/26    Page 3 of 7 PageID #: 821

WANDA BAEZ, SIIDE GIL-FREDERICK, DANIELLE..., Not Reported in Fed....

CERAP in the future. Such putative harm is not a sufficiently "real and immediate" threat of injury to support standing. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102–03 (1983) (internal quotation marks omitted). Thus, Plaintiffs lack standing to sue Defendants for equitable relief.

### b. Damages

Plaintiffs seek damages based on the following claims: (1) FHA claims against all Defendants; (2) NYSHRL claims against the State Defendants; (3) Title VI claims against all Defendants; (4) § 1983 claims against Guinn; and (5) negligence claims against NYCHA. We first consider RPPH's damages-based standing claims before turning to those of the individual Plaintiffs.

### i. RPPH

RPPH argues that it has organizational standing to sue Defendants for damages because it diverted resources from the pursuit of its mission to advise NYCHA residents affected by Defendants' actions. But we have recently rejected organizational standing premised only on the kind of diversion of resources that RPPH alleges here. *See Conn. Fair Hous. Ctr. v. CoreLogic Rental Prop. Sols., LLC*, 167 F.4th 605, 617 (2d Cir. 2026); *Farm Sanctuary v. U.S. Dep't of Agric.*, No. 24-382-CV, 2026 WL 1030616, at *2 (2d Cir. Apr. 16, 2026) (summary order). Accordingly, RPPH lacks standing to sue Defendants for damages, which leaves only the individual Plaintiffs' damages claims against Defendants. We turn to those next.

### ii. Individual Plaintiffs

The individual Plaintiffs contend on appeal that they have standing to sue Defendants for damages based on the emotional distress that Defendants' actions caused them.[2] We mostly agree with respect to Baez and Gil-Frederick but do not agree with respect to Johnson.

To establish standing, plaintiffs must show that they "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). A plaintiff may satisfy the injury-in-fact requirement by alleging emotional distress because of actions taken by a defendant if the allegations

are supported by "enough facts to make it plausible that [the plaintiff] did indeed suffer the sort of injury that would entitle them to relief." *See Maddox v. Bank of N.Y. Mellon Tr. Co.*, 19 F.4th 58, 65–66 (2d Cir. 2021) (quoting *Harry v. Total Gas & Power N. Am., Inc.*, 889 F.3d 104, 110 (2d Cir. 2018)). "A perfunctory allegation of emotional distress, especially one wholly incommensurate with the stimulant, is insufficient to plausibly allege constitutional standing." *Id.* at 66. We view the allegations "in light of the complaint as a whole." *Laufer v. Ganesha Hosp. LLC*, No. 21-995-CV, 2022 WL 2444747, at *3 (2d Cir. July 5, 2022) (summary order).

**\*4** For all but one claim, Baez and Gil-Frederick have plausibly alleged standing to sue Defendants based on the emotional distress that they endured.[3] Specifically, Baez alleged in the amended complaint that she applied for CERAP but was left "alarmed, confused, and helpless" given how long her application was pending as a result of the State Defendants' deprioritization of her application. *See* Joint App'x at 239. That deprioritization caused Baez "an extreme level of emotional distress" given her "uncertainty over her ability to pay rent and remain in her home," and that distress was exacerbated by NYCHA's purported failure to timely recertify her income, which would have afforded her a rent abatement. *See id.* Indeed, the "uncertainty compelled [Baez] to move out" of her apartment. *Id.* Gil-Frederick similarly alleged that she endured an "extreme level of emotional distress," "confusion," and "anxiety" because of the "uncertainty over her ability to pay rent and remain in her home" caused by Defendants' actions. *See id.* at 242–43. Those allegations of severe housing insecurity, "wholly [ ]commensurate with the stimulant," are sufficient to plausibly plead emotional distress. *See Maddox*, 19 F.4th at 66.

Johnson, however, did not sufficiently allege emotional distress in the amended complaint. She alleged that she faced "unsafe conditions ... that affected her and her family's quality of life," which NYCHA continuously ignored, and that she did not apply for CERAP funding because she "was chilled" given her status as a public-housing tenant. *See* Joint App'x at 244–45. Those allegations do not plead any emotional distress whatsoever and, even if we imagined that they did, they would be entirely too "perfunctory" to support standing. *See Maddox*, 19 F.4th at 66.

Having concluded that Baez and Gil-Frederick have plausibly alleged standing to sue for emotional harm, we consider whether they have a viable claim against any Defendant. For

Case 1:24-cv-04188-DLI-PCG    Document 49-1    Filed 05/25/26    Page 4 of 7 PageID #: 822

WANDA BAEZ, SIIDE GIL-FREDERICK, DANIELLE..., Not Reported in Fed....

various reasons explained further below, we conclude that they do not. We begin with their claims against OTDA before turning to those against Guinn and, finally, NYCHA.

## II. Failure to State a Claim

### a. OTDA

Baez and Gil-Frederick assert FHA, NYSHRL, and Title VI claims against OTDA.

"The doctrine of sovereign immunity is jurisdictional in nature, and therefore to prevail, the plaintiff[s] bear[ ] the burden of establishing that [their] claims fall within an applicable waiver." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citation omitted); *see also Commissiong v. U.S. Dep't of Hous. & Urb. Dev.*, No. 21-556-CV, 2022 WL 1715978, at *1 (2d Cir. May 27, 2022) (summary order). Because Baez and Gil-Frederick have not met their burden, their FHA claims against OTDA are barred by sovereign immunity.[4] *See Sossamon v. Texas*, 563 U.S. 277, 290 (2011) ("[A] waiver of sovereign immunity must be expressly and unequivocally stated in the text of the relevant statute.").

**\*5** Their NYSHRL claims against OTDA are similarly barred by sovereign immunity. *See Richardson v. N.Y. State Dep't of Corr. Serv.*, 180 F.3d 426, 447–49 (2d Cir. 1999) (affirming dismissal of NYSHRL claim on sovereign immunity grounds notwithstanding state's failure to raise sovereign immunity in its answer), *abrogated on other grounds, Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006); *see also Baez v. New York*, 629 F. App'x 116, 118 (2d Cir. 2015) (summary order) ("New York State has not consented to be sued in federal court under the NYSHRL."); *Iwelu v. N.Y. State Off. of Mental Health*, No. 22-3096-CV, 2024 WL 2175938, at *2 (2d Cir. May 15, 2024) (summary order) ("Congress has not abrogated, and New York has not waived, its sovereign immunity from claims brought under ... [the] NYSHRL ....").

Finally, Baez and Gil-Frederick have failed to plausibly allege a Title VI claim against OTDA. As the State Defendants concede, the district court did not address this claim, by which Baez and Gil-Frederick seek monetary damages for alleged discrimination by the State Defendants in implementing CERAP, deprioritizing tenants who received federal or state housing assistance. As discussed above, Baez and Gil-Frederick have standing to assert those claims for damages, and Congress abrogated states' sovereign immunity under Title VI. *See* 42 U.S.C. § 2000d–7. Although Baez and Gil-

Frederick would have us remand the case to the district court to consider the Title VI claims, "[w]e may affirm a district court's dismissal of a complaint on any basis supported by the record." *Scott v. Fischer*, 616 F.3d 100, 105 (2d Cir. 2010). As set forth below, we conclude that Baez and Gil-Frederick have failed to assert plausible Title VI claims against OTDA. *See Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024) (holding that a complaint fails to state a claim when, accepting the alleged facts as true and drawing all reasonable inferences in the plaintiff's favor, there is no plausible claim for relief).

Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. To state a claim for discrimination under Title VI, a plaintiff must plausibly allege that (1) "the defendant discriminated against him on the basis of [race, color, or national origin]," (2) the "discrimination was intentional," and (3) "the discrimination was a substantial or motivating factor for the defendant's actions." *Tolbert v. Queens Coll.*, 242 F.3d 58, 69 (2d Cir. 2001) (internal quotation marks and citations omitted).

Here, the amended complaint does not contain sufficient allegations from which we could draw a reasonable inference of intentional race-based discrimination by OTDA. CERAP's policies and terms were facially neutral, and there are no allegations that could support a reasonable inference that discrimination animated either the New York Legislature in enacting CERAP or OTDA in implementing it. Instead, the amended complaint contains only conclusory allegations of intentional discrimination, which are insufficient to provide a plausible inference of disparate treatment based upon race or national origin. *See Kirschner v. JP Morgan Chase Bank, N.A.*, 79 F.4th 290, 303 (2d Cir. 2023) ("[C]onclusory allegations are not entitled to the assumption of truth, and a complaint will not survive a motion to dismiss unless it contains sufficient factual matter, accepted as true, to state a claim that is plausible on its face.") (internal quotation marks and citation omitted); *see also Idlibi v. Burgdorff*, No. 23-838, 2024 WL 3199522, at *4 (2d Cir. June 27, 2024) (summary order) ("Here, [plaintiff] failed to state a plausible claim under Title VI because, as the district court noted, his pleading contains no non-conclusory allegations that would support any inference that he suffered discrimination in the judicial proceedings based upon his ... national origin.").

Case 1:24-cv-04188-DLI-PCG    Document 49-1    Filed 05/25/26    Page 5 of 7 PageID #: 823

WANDA BAEZ, SIIDE GIL-FREDERICK, DANIELLE..., Not Reported in Fed....

**\*6** Finally, to the extent that Plaintiffs argue that OTDA's actions had a disparate impact on the basis of race, that argument also fails because Title VI does not provide redress for disparate impact claims. *See Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 178 (2005); *see also Joseph v. Metro. Museum of Art*, 684 F. App'x 16, 17 (2d Cir. 2017) (summary order) ("[Plaintiff] argues that he should have been allowed to pursue his Title VI claims under a disparate-impact theory .... [Plaintiff]'s argument is foreclosed by Supreme Court precedent holding that Title VI prohibits only intentional discrimination.") (citing *Jackson*, 544 U.S. at 178).

### b. Guinn

Baez and Gil-Frederick assert federal claims against Guinn based on the FHA, Title VI, and 42 U.S.C. § 1983, as well as state-law claims under the NYSHRL.[5]

Guinn is entitled to qualified immunity on the federal claims. The amended complaint's allegations of intentional discrimination on the part of Guinn are entirely conclusory, and the circumstances of this case—the implementation of CERAP with the "legitimate rationale" of prioritizing New York residents who did not have an alternative source of rent relief, like Baez and Gil-Frederick would have had if NYCHA had timely recertified their incomes, *see Tex. Dep't of Hous. & Cmty. Affs. v. Inclusive Cmtys. Project, Inc.*, 576 U.S. 519, 524 (2015)—are sufficiently novel that there is no clearly established precedent prohibiting any disparate impact CERAP might have had. Moreover, Baez and Gil-Frederick's claims depend on defining their purportedly clearly established right as the "right to be free from discrimination in any state-run assistance program." *See* Appellants' Reply Br. 7. That does not define the right with the "high degree of specificity" required, and thus qualified immunity bars their claims against Guinn. *See Zorn v. Linton*, 146 S. Ct. 926, 930 (2026) (per curiam) (quoting *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018)).[6]

### c. NYCHA

**\*7** Finally, Baez and Gil-Frederick assert FHA, Title VI, and negligence claims against NYCHA. Those claims are based on NYCHA's purported discrimination and negligence in failing to conduct interim and annual income recertifications, which allegedly led Baez and Gil-Frederick to pay more rent than they should have. As discussed above, Baez and Gil-Frederick lack standing to sue based on the interim recertifications. *See supra* n.3.

As for the annual recertifications, Baez and Gil-Frederick have failed to plausibly allege a claim for relief. They have not alleged, beyond mere conclusions in the amended complaint, that NYCHA "was motivated by discriminatory intent," and their failure to do so is fatal. *See Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 73 (2d Cir. 2021) (en banc) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)).

At most, Baez and Gil-Frederick might have a claim based on a theory other than discrimination, such as the negligence theory that they allege. Because the district court dismissed the negligence claims without meaningfully addressing them, and because we have dismissed all federal claims against NYCHA, we vacate the district court's dismissal of Baez and Gil-Frederick's negligence claims and remand the case to the district court to decide whether to invoke supplemental jurisdiction over those claims. *See Eisenhauer v. Culinary Inst. of Am.*, 84 F.4th 507, 526 (2d Cir. 2023).[7]

\* \* \*

We have considered Plaintiffs' remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM IN PART and VACATE IN PART** the order of the district court, and the matter is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

### All Citations

Not Reported in Fed. Rptr., 2026 WL 1412962

### Footnotes

\*  Charlotte Saltzman, a law student, argued the case for Plaintiffs-Appellants under the supervision of an attorney of Lincoln Square Legal Services of Fordham Law School pursuant to Local Rule 46.1(e).

As a preliminary matter, we note that the district court did not enter judgment as required by Federal Rule of Civil Procedure 58(a). "A failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58(a) does not affect the validity of an appeal from that judgment or order." Fed R. App. P. 4(a)(7)(B). Where no judgment has been entered but the "district court announces a decision that *would* be appealable if immediately followed by the entry of judgment," we will permit an appeal under Federal Rule of Appellate Procedure 4(a)(2). *FirsTier Mortg. Co. v. Invs. Mortg. Ins. Co.*, 498 U.S. 269, 276 (1991) (emphasis in original). Because the district court disposed of all of Plaintiffs' claims and indicated that "[t]he Clerk of the Court is respectfully directed to ... close the case," Special App'x at 18, we consider this a final decision under 28 U.S.C. § 1291. *See Xeriant, Inc. v. Auctus Fund LLC*, 141 F.4th 405, 410 n.5 (2d Cir. 2025). In addition, we consider this judgment to have been entered 150 days after the district court's March 28, 2025 order, *see* Fed. R. Civ. P. 58(c)(2)(B), and deem the notice of appeal timely filed as of that date, *see* Fed. R. App. P. 4(a)(2). Therefore, we conclude that we have jurisdiction over this appeal.

The emotional distress theory of damages is the only damages theory that Plaintiffs "independently and sufficiently develop[ ]" on appeal and therefore is the only one that they have preserved. *See Karibian v. Columbia Univ.*, 14 F.3d 773, 777 n.1 (2d Cir. 1994); *see also Lederman v. N.Y.C. Dep't of Parks & Recreation*, 731 F.3d 199, 203 n.1 (2d Cir. 2013) ("To preserve arguments for appellate review, appellants must include in their briefs their 'contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.' ") (quoting Fed. R. App. P. 28(a)(9)(A)).

Baez and Gil-Frederick lack standing to sue NYCHA for its purported failure to conduct interim recertifications. They never asked NYCHA to do so, as required under federal regulations to trigger NYCHA's duty to conduct the interim recertifications "within a reasonable period of time." *See* 24 C.F.R. § 960.257(b)(1). Put differently, Baez and Gil-Frederick did not "subject [themselves] to the challenged discrimination" that allegedly inhered in NYCHA's interim recertification process. *See Allen v. Wright*, 468 U.S. 737, 755 (1984). Contrary to the allegations in the amended complaint, Baez and Gil-Frederick's emails to NYCHA, merely apprising it that they had submitted CERAP applications, did not trigger NYCHA's duty to recertify.

We observe that two of our sister circuits have held that FHA claims are barred by sovereign immunity. *See McCardell v. U.S. Dep't of Hous. & Urb. Dev.*, 794 F.3d 510, 522 (5th Cir. 2015) ("The language of the Fair Housing Act does not make 'unmistakably clear' that Congress intended to abrogate [states' sovereign immunity]. [The Act] contains no provision evidencing such intent."); *Morris v. Dehaan*, 944 F.2d 905 (table) (6th Cir. 1991) ("[N]othing in the Fair Housing Act can be construed as a congressional abrogation of [a state's] Eleventh Amendment immunity.") (citation omitted).

We assume without deciding that Baez and Gil-Frederick may assert their claims against Guinn in her individual capacity under Title VI. That assumption is questionable, as the text of Title VI and the weight of authority suggest otherwise. Title VI applies to "program[s] or activit[ies]," 42 U.S.C. § 2000d, which it defines only in terms of certain types of entities, not individuals, *see id.* § 2000d-4a. *See Buchanan v. City of Bolivar*, 99 F.3d 1352, 1356 (6th Cir. 1996) (concluding that a Title VI claim failed when asserted against individuals rather than the entity receiving federal funds). District courts within this Circuit have widely deemed such claims barred. *See, e.g.*, *Johnson v. Cnty. of Nassau*, No. 10-CV-06061, 2014 WL 4700025, at *20 (E.D.N.Y. Sept. 22, 2014) (collecting cases); *DT v. Somers Cent. Sch. Dist.*, 588 F. Supp. 2d 485, 493 n.11 (S.D.N.Y. 2008), *aff'd*, 348 F. App'x 697 (2d Cir. 2009) (summary order) (collecting cases). And the Fifth, Sixth, and Eleventh Circuits concur. *See Price ex rel. Price v. La. Dep't of Educ.*, 329 F. App'x 559, 561 (5th Cir. 2009) ("[O]nly public and private entities can be held liable under Title VI."); *Buchanan*, 99 F.3d at 1356 ("Plaintiff's claim also fails because she asserts her claim against [the individual defendants] and not against the school, the entity allegedly receiving the financial assistance."); *Shotz v. City of Plantation*, 344 F.3d 1161, 1171 (11th Cir. 2003) ("It is beyond question ... that individuals are not liable under Title VI.").

"In contrast to the federal [qualified immunity] standard, which is 'objectively reasonable reliance on existing law,' the New York standard for entitlement to qualified immunity has both objective and subjective components." *Lore v. City of Syracuse*, 670 F.3d 127, 166 (2d Cir. 2012) (citations omitted) (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 (1985)). The district court did not perform the relevant qualified immunity analysis under state law. However, as Plaintiffs have not asserted any error with respect to the district court's approach in this regard, we do not consider the issue further.

Case 1:24-cv-04188-DLI-PCG    Document 49-1    Filed 05/25/26    Page 7 of 7 PageID #: 825

WANDA BAEZ, SIIDE GIL-FREDERICK, DANIELLE..., Not Reported in Fed....

See *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

7       To the extent that Plaintiffs suggested during oral argument that they are entitled to damages as a result of NYCHA's purported discrimination in implementing the Permanent Affordability Commitment Together Program—allegedly a scheme to privatize public housing that has resulted in minority NYCHA residents being forced out of NYCHA housing— they failed to raise the issue in their opening brief on appeal and have therefore abandoned it, even assuming that they properly pled it in the amended complaint. *See Chevron Corp.,* 990 F.3d at 203.

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.